[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE AND OBJECTION THERETO
The plaintiff brings this action to recover damages for an alleged breach of a fiduciary duty. The plaintiff alleges that he and certain of his neighbors joined in a joint venture for the express purpose of taking a zoning appeal from a decision of the Wethersfield Zoning Board of Appeals which decision granted a variance to build certain condominiums in their neighborhood. CT Page 3976
The purpose of the joint venture was to finance said appeal to prevent the erection of the condominiums; An attorney was retained and an appeal was taken but the plaintiff alleges that the appeal was withdrawn without his agreement and payments were made to certain defendants as a result of the withdrawal to his damage. He has brought the action in two counts, the first of which is against certain neighbors and the second against the attorney. The administratrix of one of said neighbors, Virginia Sylvester, has moved to strike the first count in that there is no cause of action set out in breach of a joint venture or other fiduciary duty.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. In ruling upon the motion, the court is limited to the facts alleged but must construe them most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. The plaintiff alleges that he and his neighbors joined in a joint venture to which he gave money to prevent certain condominiums to be built in their neighborhood and that the court action was withdrawn without his consent to the financial gain of his neighbors. Where two or more parties combine their property, money, efforts, skill or knowledge in some common undertaking, it has been held to be a joint adventure. Lesser v. Smith, 115 Conn. 86, 89. Unlike a partnership, it is generally limited to one transaction and the members are not agents of one another. Dolan v. Dolan,107 Conn. 342, 349. However, the parties to joint ventures, as a matter of law, undertake fiduciary duties to each other concerning matters within the scope of joint venture. Electronic Associates, Inc., v. Automatic Equip. Development Corp.185 Conn. 31, 35. Whether such an agreement was made as alleged and whether there has been a breach of such a fiduciary duty or duties as alleged are questions of fact. John J. Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695, 710. For the above reasons, the motion to strike is denied.
Corrigan, J.